IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROGER E. MAGANA**,

    Petitioner,

v.

**RON CREDIO** and **ELLEN F. ROSENBLUM**,

    Respondents.

No. 3:13-cv-01049-AC

OPINION AND ORDER

**MOSMAN, J.**,

On May 22, 2017, Magistrate Judge John Acosta issued his Findings and Recommendation ("F&R") [88], recommending that Roger E. Magana's Second Amended Petition for Writ of Habeas Corpus [15] should be DENIED and that a Certificate of Appealability should be DENIED. Mr. Magana objected [93] and Ellen F. Rosenblum responded [94]. I ADOPT the F&R in part. I agree that Mr. Magana's Second Amended Petition for Writ of Habeas Corpus should be DENIED and that a Certificate of Appealability should be DENIED as to Grounds I, II, III(A, C, D–T), IV, and V. However, I issue a Certificate of Appealability under 28 U.S.C. § 2253(c) as to Ground III(B).

## LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge,

1 – OPINION AND ORDER

but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

A final order in a habeas corpus proceeding may not be appealed unless a judge or a Circuit Court justice issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Under § 2253, a certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). The Supreme Court has described this requirement as "a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (summarizing the "substantial showing" standard)).

Mr. Magana argues in the Second Amended Petition that he is entitled to habeas relief on five Grounds, but only argues Ground III(A–C) and Ground V in his briefing. Petitioner's Brief [44]. Accordingly, I agree with Judge Acosta that Mr. Magana failed to meet his burden of showing he is entitled to relief on his unargued claims and ADOPT the F&R on these grounds. I address Grounds III(A–C) and V below.

# DISCUSSION

## I. Ground III(A–C): Ineffective assistance of counsel for failure to challenge jurors.

To show his constitutional right to effective assistance of counsel was violated under *Strickland v. Washington*, 466 U.S. 668, 688 (1984), Mr. Magana must "show both that his counsel provided deficient assistance and that there was prejudice as a result." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). This inquiry in turn depends on whether Mr. Magana's trial counsel's failure to challenge certain jurors for cause fell below an "objective standard of reasonableness" and whether a biased juror was seated on the jury. *See id.* ("To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" (quoting *Strickland*, 466 U.S. at 688)); *Davis v. Woodford*, 384 F.3d 628, 643 (9th Cir. 2004) ("Establishing *Strickland* prejudice in the context of juror selection requires a showing that, as a result of trial counsel's failure to exercise peremptory challenges, the jury panel contained at least one juror who was biased."); *United States v. Eubanks*, 591 F.2d 513, 517 (9th Cir. 1979) ("[E]ven if 'only one juror is unduly biased or prejudiced,' the defendant is denied his constitutional right to an impartial jury." (quoting *United States v. Hendrix*, 549 F.2d 1225, 1227 (9th Cir. 1977)).

The two types of juror bias potentially applicable to this case are actual and implied bias. Actual is "'bias in fact'–the existence of a state of mind that leads to an inference that the person will not act with entire impartiality." *United States v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir. 2000) (quoting *United States v. Torres*, 128 F.3d 38, 43 (2nd Cir. 1997). The Ninth Circuit defines implied bias as "those extreme situations 'where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances,' or where repeated lies in

voir dire imply that the juror concealed material facts in order to secure a spot on the particular jury." *Fields v. Brown*, 503 F.3d 755, 770 (9th Cir. 2007) (quoting *Gonzalez*, 214 F.3d at 1112).

Ground III(A–C) raises the following theory of ineffective assistance of counsel: "Petitioner was denied effective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights because his trial attorney failed to challenge for cause" three jurors, including Juror Number 122, Theresa Carter (Ground III(B)). Second Amended Petition [15] at 4. Mr. Magana argues that Juror Carter was biased because she had been raped in college and said that the event "could" make her "less able to fairly evaluate the evidence," although she would "really try" to be impartial despite her experience. Trial Transcript Part D [26-1] at 142. Juror Carter's comments seem to fit one Ninth Circuit definition of actual bias: when a juror "expresses a view adverse to one party's position and responds equivocally as to whether he could be fair and impartial despite that view." *Fields*, 503 F.3d at 767; *see also United States v. Nelson*, 277 F.3d 164, 202–03 (2d Cir. 2002) ("It is important that a juror who has expressed doubts about his or her impartiality also *unambiguously* assure the district court, in the face of these doubts, of her willingness to exert truly best efforts to decide the case without reference to the predispositions and based solely on the evidence presented at trial."). But on the other hand, the Supreme Court found in a case several years after Fields that the district court did not err by failing to strike a juror in an Enron case who was "angry" about Enron's collapse and had lost her 401(k) funds, but "thought she could be fair and impartial." *Skilling v. United States*, 561 U.S. 358, 397 (2010).

I agree with Judge Acosta that the state post-conviction review court did not unreasonably apply *Strickland* by concluding that Mr. Magana failed to establish ineffective assistance of counsel on Ground III(A–C). *See Harrington*, 562 U.S. at 104 (noting that to

prevail on ineffective assistance of counsel claim under 28 U.S.C. § 2254(d), petitioner must show state court unreasonably applied clearly established law under *Strickland* or unreasonably determined facts in light of record before court). Accordingly, I DENY habeas relief on Ground III(A–C). I also agree with Judge Acosta that a Certificate of Appealability should be DENIED as to Mr. Magana's claims regarding all jurors except Juror Carter, because Mr. Magana has not made a substantial showing of the denial of a constitutional right. But I conclude that Mr. Magana has made a substantial showing that he was denied his constitutional right to effective assistance of counsel because his trial counsel failed to challenge Juror Carter for cause. Therefore, I have determined that issuing a Certificate of Appealability is appropriate as to the failure to exclude Juror Carter only.

## II. Ground V: ineffective assistance of counsel for failure to move for change of venue.

I agree with Judge Acosta's conclusion that Mr. Magana's claim on Ground V fails because Mr. Magana did not show that his trial counsel offered ineffective assistance of counsel by failing to move for a change of venue from Lane County. I ADOPT this portion of the F&R [88] as my own.

## III. Evidentiary hearing

I agree with Judge Acosta's conclusion that an evidentiary hearing is not warranted and ADOPT this portion of the F&R [88] as my own.

## CONCLUSION

For the reasons discussed above, I ADOPT the F&R [88] in part. It is ORDERED AND ADJUDGED that Mr. Magana's Second Amended Petition for Writ of Habeas Corpus [15] is DENIED and is thus DISMISSED. However, I issue a Certificate of Appealability under

§ 2253(c) as to Ground III(B). I agree with Judge Acosta that a Certificate of Appealability should be DENIED as to the remainder of Ground III and all other Grounds.

IT IS SO ORDERED.

DATED this __6th__ day of September, 2017.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge